UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| CHARLES M. WYNNE, JR. | CIVIL ACTION NO. 3:13-cv-2927 |
|     LA. DOC #108899 | |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| MADISON PARISH DETENTION | |
| CENTER, ET AL. | MAGISTRATE JUDGE KAREN L. HAYES |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Charles M. Wynne, Jr., proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on October 22, 2013. Plaintiff is an inmate in the custody of Louisiana's Department of Corrections (DOC).  When he filed suit he was incarcerated at the Madison Parish Detention Center (MPDC) and he complained that he was denied appropriate medical for back injuries that pre-dated his incarceration.  He was subsequently transferred to the David Wade Corrections Center (DWCC).

Plaintiff sued Madison Parish Sheriff Larry Cox,  the "owners" of MPDC, the DOC, the MPDC medical department and Major Johnson.  He prayed for money damages and a transfer to another facility.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED** in accordance with the provisions of F.R.C.P. Rule 41(b).

*Statement of the Case*

Plaintiff filed his complaint and applied for *in forma pauperis* status on October 22, 2013. [Docs. 1 and 2] On December 9, 2013, the undersigned completed an initial review and directed

plaintiff to amend his complaint to provide factual support for his conclusive allegations. [Doc. 5] The order, which was mailed to the address supplied by plaintiff, was returned as undeliverable on December 16, 2013, with the notation that plaintiff was no longer incarcerated at the MDPC. [Doc. 6] On February 14, 2014, the undersigned recommended dismissal of the complaint pursuant to FRCP Rule 41 and Local Rule 41.3 based upon plaintiff's failure to apprise the Court of his whereabouts. [Doc. 7] In a letter dated February 12, 2014, and received and filed on February 14, 2014, plaintiff advised the Court of his transfer to DWCC. [Doc. 8] On February 28, 2014, the undersigned rescinded the Report and Recommendation, directed the Clerk to provide plaintiff with another copy of the December 9, 2013, amend order, and again ordered plaintiff to amend his complaint within 30 days. [Doc. 10] On March 27, 2014, plaintiff filed a pro se motion seeking an extension of the time for filing his amended complaint. Therein he alleged that he was confined to lock-down cell-block and thus his "access to do legal research" was limited; he also claimed that his "ability to make phone calls and engage media to access information" was hampered.  He then noted that he expected to be released into the general population where he would have better access to the law library and telephone services. [Doc. 11] On March 31, 2014, the undersigned granted plaintiff's motion and extended the deadline for compliance with the memorandum order to May 1, 2014. [Doc. 12] Nevertheless, plaintiff has failed to comply with the memorandum order and, has not otherwise contacted the Court since he requested the extension on March 27, 2014.

### *Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order..." The district court also has the

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962).  "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988).  The undersigned evaluated the original complaint pursuant to 28 U.S.C. §§1915 and 1915A and directed petitioner to amend and provide the information needed to further evaluate plaintiff's claims.  Plaintiff has not complied with the order and has not contacted the Court for a period of almost 90 days.[1]  Therefore,

   **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of FRCP Rule 41(b) .

   Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

---

[1] The undersigned further finds that to the extent the applicable statute of limitations may bar plaintiff from re-filing the instant suit, then dismissal at this juncture will effectively constitute dismissal "with prejudice," – "an extreme sanction that deprives the litigant of the opportunity to pursue his claim." *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1190 (5th Cir. 1992) (internal quotations omitted).  Dismissal with prejudice for failure to prosecute or to comply with a court order is warranted only where "a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice."  *See Millan v. USAA General Indem. Co.*, 546 F.3d 321, 325 (5th Cir. 2008) (citations and internal quotation marks omitted).  In addition, the Fifth Circuit generally requires the presence of at least one of three aggravating factors:  "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."  *Id*.  The undersigned finds that the requirements for a dismissal with prejudice are satisfied in this case.  As discussed above, plaintiff has ignored a court order.  Furthermore, plaintiff is proceeding *in forma pauperis* and it is unlikely that he enjoys sufficient means to fund a lesser, monetary sanction.  Moreover, dismissal of the case may be the least sanction where, as here, there is every indication that plaintiff no longer wishes to pursue his cause of action.  Finally, plaintiff's unrepentant flaunting of court orders reflects his own contumaciouness or "stubborn resistance to authority" which is personally attributable to him as a *pro se* litigant.

3

to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

In Chambers at Monroe, Louisiana, June 17, 2014.

_____
**KAREN L. HAYES**
**UNITED STATES MAGISTRATE JUDGE**